UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA CHANDRA MARZETTA,<br><br>             Plaintiff,<br><br>    v.<br><br>COMCAST, a corporation,<br><br>             Defendant. | No.  2:13-cv-00598-GEB-DAD<br><br>**FINAL PRETRIAL ORDER** |

The final pretrial conference scheduled for September 15, 2014, is vacated since the parties' Joint Pretrial Statement ("JPS") indicates this Final Pretrial Order should issue.

**JURY/NON-JURY**

All issues shall be tried to a jury. (JPS 2:10, ECF No. 10.)

**CLAIMS & AFFIRMATIVE DEFENSES**

The following claims and affirmative defenses are preserved for trial:

   **A.   Claims**

         1) Disability discrimination under the Fair Employment & Housing Act ("FEHA"), Cal. Gov. Code §§ 12940, *et seq.*;

1

        2) Failure to engage in the interactive process under FEHA, Cal. Gov. Code § 12940(n);

        3) Failure to accommodate Plaintiff's disability under FEHA, Cal. Gov. Code § 12940(m); and

        4) Wrongful termination in violation of public policy.

**B. Affirmative Defenses**

        1) Failure to mitigate damages.

**ABANDONED ISSUES**

Defendant has abandoned each of its affirmative defenses with the exception of its twenty-first affirmative defense, failure to mitigate damages. (Id. at 4:10-11.)

**UNDISPUTED FACTS**

The undisputed facts are stated in section 3 of the JPS, as follows:

> (a) Plaintiff was hired by Defendant on December 11, 2006 as a Customer Account Executive ("CAE") in the Natomas Call Center in Sacramento.
>
> (b) In 2009, Plaintiff became a virtual CAE, which meant that she worked out of her home.
>
> (c) Plaintiff's employment was terminated effective June 21, 2012.

(Id. at 2:14-19.)

**DISPUTED FACTUAL ISSUES**

The disputed factual allegations and contentions are stated in section 4 of the JPS, as follows:

> (a) What Plaintiff's work restrictions were at the time her employment was terminated.
>
> (b) What the content of the communications were between Plaintiff and Defendant with

2

    regard to her injury and possible accommodations.

    (c) What accommodations were considered by Defendant.

    (d) What positions Plaintiff could have performed within her restrictions.

(Id. at 2:20-26.)

## DISPUTED EVIDENTIARY ISSUES

The parties shall meet and confer for the purpose of resolving evidentiary disputes. Any unresolved evidentiary dispute capable of being resolved in limine shall be set forth in an in limine motion filed no later than twenty-five (25) court days before the trial commencement date; an opposition or statement of non-opposition to any filed in limine motion shall be filed no later than fifteen (15) court days before the trial commencement date; any reply shall be filed no later than ten (10) court days before the trial commencement date. The failure to state a basis for the admissibility or non-admissibility of disputed evidence constitutes a waiver or abandonment of that basis.

## TRIAL BRIEFS

Notwithstanding Local Rule 285, trial briefs shall be filed no later than twenty (20) court days prior to the trial commencement date. The trial briefs must include "a summary of points of law, including reasonably anticipated disputes concerning admissibility of evidence, legal arguments, and citations of authority in support thereof." E.D. Cal. R. 285.

///

///


**WITNESSES**[1]

A. Plaintiff anticipates calling the witnesses listed in section 9(a) of the JPS.

B. Defendant anticipates calling the witnesses listed in section 9(b) of the JPS.

C. Each party may call a witness designated by the opposing party.

D. No person, other than those named on these witness lists, will be permitted to testify unless:

(1) The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not reasonably be anticipated at the pretrial conference; or

(2) The witness was discovered after the pretrial conference and the proffering party makes the showing required in "E," below.

E. If a witness is discovered after the pretrial conference, the party offering the witness shall promptly inform the Court and the opposing party of the existence of the unlisted witness so that the Court may consider at trial whether the witness shall be permitted to testify. The witness will not be permitted to testify unless:

(1) The witness could not reasonably have been discovered prior to the pretrial conference;

(2) The Court and the opposing party were promptly notified upon discovery of the witness;

---

[1] This portion of the Order does not affect the parties' obligations to timely comply with witness disclosure requirements provided in the Federal Rules of Civil Procedure, the Local Rules, or by Order of this Court.

         (3) If time permitted, the offering party made the witness available for deposition; and

         (4) If time did not permit, a reasonable summary of the witness's testimony was provided to the opposing party.

### EXHIBITS[2]

A.   Plaintiff anticipates offering the exhibits listed in Attachment A to the JPS.

B.   Defendant anticipates offering the exhibits listed in Attachment B to the JPS.

C.   No other exhibits will be permitted to be introduced unless:

         (1) The party seeking to use the unlisted exhibit demonstrates that the exhibit is being used to rebut evidence which could not reasonably have been anticipated at the pretrial conference; or

         (2) The unlisted exhibit was discovered after the pretrial conference and the offering party makes the showing required in paragraph "D," below.

D.   Any party proposing to introduce an exhibit which was discovered after the pretrial conference shall promptly notify the Court and the opposing party of the existence of such exhibit. The Court will not permit any such exhibit to be introduced unless it finds:

         (1) That the exhibit could not reasonably have been discovered prior to the pretrial conference;

         (2) The Court and the opposing party were

---

[2] This portion of the Order does not affect the parties' obligations to timely comply with disclosure requirements provided in the Federal Rules of Civil Procedure, the Local Rules, or by Order of this Court.

promptly informed of the exhibit's existence; and

(3) That the offering party has delivered a copy of the exhibit to the opposing party, or, if the exhibit may not be copied, that the offering party has made the exhibit reasonably available for inspection by the opposing party.

E. Plaintiff's exhibits shall be numbered with stickers, while Defendant's exhibits shall be designated by alphabetical letters, also marked with stickers. The parties may obtain exhibit stickers by contacting the Clerk's Office.

F. The parties shall exchange with each other, at least twenty (20) court days prior to the trial commencement date, copies of all of their respective exhibits, marked with exhibit stickers. Within five (5) court days after receipt and examination of the exhibits, each party shall file with the Court and serve upon the opposing party objections, if any, to the exhibits, referencing the exhibits as marked by exhibit sticker and specifying the basis for each objection.[3] Failure to exchange exhibits as ordered could result in the exhibit(s) not being used at trial and/or the imposition of sanctions. The failure to make objections in the manner prescribed by this section shall constitute a waiver of objections. A party seeking to admit into evidence an exhibit to which no objection was made must identify said exhibit for the record and then move it into evidence.

G. The parties shall produce all exhibits to the Courtroom Deputy at the commencement of trial. At that time, the parties shall also furnish the Court with a copy of each exhibit,

---

[3] The parties have leave to file joint exhibits. The above procedure is designed for separate exhibits.

6

unless the exhibit is physically incapable of being or is impracticable to be reproduced. Failure to produce exhibits as ordered could result in waiver of the right to offer those exhibits. Each party submitting exhibits shall furnish a list to the Court, the Courtroom Deputy, and the opposing party itemizing the exhibits.

**FURTHER PREPARATION FOR USE OF DISCOVERY DOCUMENTS**

A.   The parties are required to produce to the Courtroom Deputy at the commencement of trial, the original transcript of any deposition which is to be used at trial for any purpose. The original deposition transcript(s) will be returned to the parties at the conclusion of trial. The parties are cautioned that a failure to discharge this duty may result in preclusion of the use of the deposition(s) or in the imposition of such other sanctions as the Court deems appropriate.

B.   No later than twenty (20) court days before the trial commencement date, each party shall serve on the other party a statement designating all answers to interrogatories and all portions of depositions (except for passages to be used solely for refreshing recollection, impeachment, or rebuttal). No later than fifteen (15) court days before the trial commencement date, counter-designations of other portions of these discovery documents may be served. No later than ten (10) court days before the trial commencement date, the parties shall file and serve any preserved evidentiary objections to any designated discovery, or said objections are waived.

///
///

**FURTHER DISCOVERY OR MOTIONS**

Pursuant to the Court's June 3, 2013 Status Order, multiple orders extending certain discovery deadlines, and the April 28, 2014 Order Amending the Status Order, all discovery and law and motion was to have been completed prior to the date of the final pretrial conference. Those orders are confirmed.

**AGREED STATEMENT**

The parties shall submit a short, jointly-prepared statement concerning the nature of this case that can be read to the jury during voir dire. The statement shall be filed no later than fifteen (15) court days before the trial commencement date. If the parties fail to do this, they may be required to give their respective opening statements before voir dire. Separate statements shall be submitted if agreement is not reached.

**JURY INSTRUCTIONS, VOIR DIRE, AND VERDICT FORMS**

A.   Jury instructions, proposed voir dire, and a verdict form(s) shall be submitted fifteen (15) court days before trial. The parties shall prepare the instructions and verdict form(s) in accordance with Local Rule 163, and shall tailor all general instructions to the facts and law at issue.

B.   The parties shall confer and attempt to agree upon a joint set of jury instructions and verdict form(s). As to instructions on which there is dispute, the parties shall adhere to the following procedure: the party offering the disputed instruction(s) shall submit the instruction(s) as its proposed jury instruction(s), shall submit authority in support of the proposed instruction(s), and shall number the disputed instruction(s) in a manner that shows where each disputed

8

1 instruction should be placed in the tendered joint set of
2 instructions.
3     C. At the time of electronic filing of the jury
4 instructions and verdict form(s), the parties shall also submit a
5 copy of the sanitized joint jury instructions, the sanitized
6 disputed jury instructions, and the joint verdict form(s) to the
7 Court by electronic mail to geborders@caed.uscourts.gov in
8 accordance with Local Rule 163.
9     D. Most of the examination of prospective jurors will
10 be conducted by the Court. The parties shall meet and confer and
11 attempt to agree upon a joint set of proposed voir dire
12 questions. Each side is granted fifteen (15) minutes to conduct
13 voir dire following the Court's examination of prospective
14 jurors.

### USE OF STRUCK JURY SELECTION SYSTEM

16     Eight (8) jurors will be impaneled. The "struck jury"
17 system will be used to select the jury. At the beginning of the
18 voir dire process, approximately eighteen prospective jurors,
19 randomly selected by the Jury Administrator, will be seated for
20 voir dire. The order of the jurors' random selection is reflected
21 by the order in which they will be seated. The first randomly
22 selected juror will be in jury seat number one, which is at the
23 extreme right-hand side of the jury box in the top row as the
24 jury box is viewed from the well of the courtroom. The eighth
25 juror will be in the eighth seat. The ninth selected juror will
26 occupy the seat located at the extreme right-hand side of the
27 jury box in the bottom row. The fifteenth seat will be in the
28 left-hand side of that row. Three chairs will be placed in front

of the jury box. The sixteenth juror will occupy the seat on the right and the eighteenth juror will occupy the seat on the left. The first eight jurors on a list, which shall be given to counsel, will constitute the petit jury unless one or more of those eight is excused for some reason. Assuming that the first and fifth jurors on the list are excused, the second listed juror becomes the first, and the other jurors' numbers are changed accordingly, with the ninth juror on the list becoming seventh on the list; however, the jurors continue to be identified by their original numbers.

Following the voir dire questioning, each side will take turns exercising its three allotted peremptory strikes. The parties will be given a sheet of paper ("strike sheet") upon which they shall silently exercise their peremptory strikes, commencing with Plaintiff, by passing the strike sheet back and forth until all peremptory challenges are used or waived. If a side elects to pass rather than exercise a particular peremptory challenge, that challenge is waived.[4]

Any party challenging how a peremptory strike is exercised under Batson v. Kentucky, 476 U.S. 79, 87-98 (1986), shall make the challenge immediately upon it becoming ripe by requesting to approach the bench to discuss the use of a peremptory challenge.

///
///

---

[4] See United States v. Esparza-Gonzalez, 422 F.3d 897, 899 (9th Cir. 2005) (discussing waiver of peremptory challenges in "struck jury system"); see generally United States v. Yepiz, 685 F.3d 840, 845-46 (9th Cir. 2012) (indicating "'use it or lose it' voir dire practice" is authorized if "the composition of the panel" does not change).

**ATTORNEY'S FEES**

The parties are referred to Local Rule 293 concerning the post-trial procedure for seeking an award of attorney's fees.

**SETTLEMENT CONFERENCE**

A settlement conference is scheduled before the Honorable Dale Drozd at 10:00 a.m. on October 14, 2014. Each party shall have a principal with authority to settle the case on any terms present at the settlement conference.

Further, each party shall submit a settlement conference statement directly to the chambers of Judge Drozd via email at: dadorders@caed.uscourts.gov one week before the settlement conference. Such statements shall not be filed with the clerk nor served on the opposing party. However, each party shall notify the other party that the statement has been submitted to the settlement judge's chambers.

**TRIAL DATE**

Trial will commence at 9:00 a.m. on November 4, 2014. Trial is held Tuesday, Wednesday, and Thursday of each week from 9:00 a.m. until approximately 4:30 p.m. However, once the jury begins deliberating, counsel shall be available for communication with the jury during the above mentioned times, Monday through Friday.]

Each side has fifteen (15) minutes within which to make an opening statement to the jury and sixty (60) minutes within which to make a closing argument. Plaintiff may decide how to allocate her total time for closing argument between her opening and rebuttal arguments.[5]

---

[5]   See United States v. Patterson, 678 F.2d 774, 781 (9th Cir. 1982)

Counsel are to call Shani Furstenau, Courtroom Deputy, at (916) 930-4114, one week prior to trial to ascertain the status of the trial date.

Dated:  September 11, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

---

(discussing the district court's discretion in limiting the length of closing arguments).